# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| NATHANIEL LEE DAVIS, ) | |
| ) | |
| Petitioner, ) | Case No. 7:10CV00159 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Glen E. Conrad |
| ) | United States District Judge |
| Respondent. ) | |

Petitioner Nathaniel Lee Davis, a Virginia inmate proceeding pro se, has submitted what he styles as "Petitioner's Pro-Se Motion For 'Relief from Detainer' Pursuant to Virginia Code § 53.1187." Davis alleges that authorities within the Virginia Department of Corrections have improperly calculated his term of confinement, because they have failed to give him credit for jail time he has already served. Based on the nature of his claim, the court construed and filed the motion as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Because it is clear from the face of the pleading that Davis has not exhausted state court remedies as to his sentence calculation claims, the court finds that his petition must be dismissed without prejudice.

## Background

Davis' submissions and this court's records reflect the following sequence of events. Davis faced several criminal charges in the Circuit Court of Roanoke City. On August 21, 2006, he was found guilty of felony eluding. On April 6, 2006, however, a federal grand jury had returned an indictment charging Davis with a federal crime, and federal court proceedings were interspersed with the state court proceedings between April 6, 2006 and February 27, 2007. Davis remained incarcerated in the local jail during this period.

On February 27, 2007, the state court sentenced Davis to a term of one year, with the sentence to run consecutive to all other sentences. Then on April 26, 2007, the federal court sentenced him to 96 months imprisonment and remanded him to federal prison. He later

received a sentence reduction under 18 U.S.C. § 3582(c), which decreased his federal sentence to 80 months imprisonment.

In his current petition, Davis asserts that the detainer lodged against him by Virginia authorities for the February 27, 2007 sentence should be dismissed, because he should get credit against that sentence for the time he served in jail between April 6, 2006 and February 27, 2007.

## Discussion

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition challenging a term of confinement under a state court's judgment unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the habeas claim in the highest state court with jurisdiction to consider that claim. In Virginia, a non-death row inmate can exhaust his state remedies as to a sentence miscalculation claim in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Second, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them under § 2254. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999). The burden of proving exhaustion lies with the petitioner. See Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) (citing cases).

It is evident from the face of Davis' petition that he has not presented his current claims to the Supreme Court of Virginia as required for exhaustion under § 2254(b). He states, on page one, "[t]his is the first and only collateral attack opportunity sought to be utilized by the petitioner at this point . . . ." As it is thus clear that his claim has not yet been presented to, and

adjudicated by, the Supreme Court of Virginia, the court finds it appropriate to dismiss his § 2254 petition without prejudice.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 14th day of April, 2010.

_____
United States District Judge

---

[1] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised that the time for filing a state or federal habeas petition is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2). The federal filing period will not begin to run, however, while any properly filed state post conviction proceeding is pending (such as a properly filed state habeas petition or appeal). § 2244(d)(2).